No. 14,314.

108  423
111  396

J. B. KELLY VS. VICKSBURG, SHREGEPORT AND PACIFIC RAILWAY COMPANY.

SYLLABUS.

A local freight train, with a caboose attached, was in the habit of carrying passengers. As it drew up at a station plaintiff, without delay, boarded the caboose at the rear end, it being the last car of the train. Just as he gained the door, and before he could enter, the train started with a violent jerk, throwing him backwards off the platform and severely injuring him. *Held*—Actionable negligence on part of defendant. Sufficient time to board the car and reach a place of safety inside the caboose was not given him before the train was started and the violent lurching of the cars came.

APPEAL from the Sixth Judicial District, Parish of Ouachita— *Hall, J.*

*Andrew Augustus Gunby,* for Plaintiff, Appellee.

*Stubbs & Russell,* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J.   This is an action sounding in damages for personal injuries alleged to have been sustained by plaintiff through the negligence of the servants of defendant corporation.

The amount sued for is $2,500.

The defense is a denial of the negligence charged, and the averment, that plaintiff came to harm through his own negligence.

The case was tried without the aid of a jury, and from a decree entered up by the District Judge in favor of plaintiff for $750.00, defendant prosecutes this appeal.

Answering the appeal plaintiff prays an amendment of the judgment by increasing the same to the amount demanded in his petition.

*Ruling*—We agree with the trial judge that the plaintiff has made out his case.

The conflict of testimony characteristic of damage suits is observable here; but the weight of evidence sustains the plaintiff.

On the afternoon of the 14th of June, 1901, plaintiff arrived at the depot of defendant company at Calhoun, a station some sixteen miles west of the Ouachita river.

The east bound local freight train was due at Calhoun at 4 o'clock P. M.   This train had a caboose attached and made a practice of carrying passengers.

Plaintiff had gone to the depot to take this train.   He purchased a ticket from the station agent and awaited the train.   It was nearly an hour late that day, reaching Calhoun a little before 5 o'clock.

One or more of the passengers on this train were anxious to catch the south bound passenger train at the City of Monroe on the Ouachita river, and if the movements of the freight train were expedited and some of the lost time made up between Calhoun and Monroe, this could be done; otherwise not.

Under the circumstances it is evident no time was to be wasted at Calhoun.   Something of a hurry was on.   The train, composed of some 25 or 30 cars, drew up at the station, the rear car, which was the caboose, halting some twenty or thirty feet east of the depot platform.

Plaintiff and J. H. Young, strangers to one another, stood on the platform of the depot and as the train slowed down, left the platform to board it.

They walked rapidly towards the rear end of the caboose, the conductor calling out "all aboard" as they did so.

Just as the caboose stopped, Young, who was ahead, ascended the steps, crossed the rear platform of the caboose to the door, and had just entered the doorway, when the plaintiff, closely following him, and about, himself, to turn in at the door, was, by a sudden and violent jerk of the car, thrown backward off the platform to the ground, sustaining serious and painful injuries.

While there was an iron railing or protection guard at the rear of the platform, it did not extend across its entire length. There was the usual break at the center, intended, when not used as a passage way, to be spanned by a chain. But the chain was not up at the time in question, and through this open space plaintiff was precipitated to the ground.

Sufficient time to board the car and reach a place of safety inside the caboose was not given the plaintiff before the train was started and the violent lurching of the car came.

This was actionable negligence and defendant must answer for the damages occasioned.

The issue is one of fact, and we give conclusions merely, believing that a lengthy discussion of the testimony would serve no useful purpose.

With regard to the *quantum* of damages, the sum allowed by the trial judge is deemed insufficient.

Plaintiff is "left-handed." It was his left arm that was injured by the fall. The nature of the injury is thus described by the company's surgeon who attended him:—"Dislocation of both bones of the forearm and the humerus of the upper bone of the arm; one bone in front and the other behind the humerus."

Asked how far did the two small bones of the lower arm pass above the elbow, he answered:—"That is hard to say. The bones were so you could pull them up or down, whichever way you tried."

He was put under the influence of chloroform, the arm operated on and then encased in plaster of paris. The doctor states it was rather an unusual injury.

Plaintiff says the injury was at the elbow and the bones could be pulled backward and forward; that he suffered intense pain—far greater than he had ever before experienced. He is a young man 23 years of age, unmarried, but supports an aged mother.

It is shown he is industrious, had worked for years at a large saw

mill at an occupation which required the full use of the arm that was injured. He earned forty dollars a month, but since the accident has not been able to continue at that work. Has had to engage in lighter labor at smaller remuneration. He lost considerable time in consequence of his injuries. Says the joint of the elbow which sustained the injury is abnormally large; that his arm has never fully recovered.

Twelve hundred and fifty dollars, or an increase of five hundred dollars over the sum allowed, is none too large for injury and damage of this character.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be increased to twelve hundred and fifty dollars, with legal interest from judicial demand, and as thus amended the same is affirmed at the cost of defendant in both courts.

Rehearing refused.